OAK RIDGE AUTO REPAIR SERVICE and W. H. THOMPSON, Appellants, v. CITY FINANCE COMPANY, INC., Appellee.—425 S.W.(2d) 620.

Western Section. March 3, 1967.

Certiorari Denied by Supreme Court August 7, 1967.

Walter L. Fuller, Jr., Oak Ridge, for appellants.

Harry Lillard, Oak Ridge, for appellee.

CARNEY, J. W. H. Thompson appeals from a judgment of $1,000 rendered against him by the Circuit Court of Anderson County, Tennessee, in a suit of detinue brought by City Finance Company, Inc. against Oak Ridge Auto Repair Service and W. H. Thompson. The case was tried before the Circuit Judge without a jury. It was originally brought in the Trial Justice Court of Anderson County for the recovery of a 1959 DeSoto automobile, a 1953 Chevrolet panel truck, and a tool box on rollers including several sets of automobile mechanic tools and wrenches. Thompson was cast in the suit in the Trial Justice Court and took an appeal to the Circuit Court of Anderson County.

In April, 1964, one Jesse R. Henderson and one Grace Henderson obtained a loan from the appellee, City Finance Company, Inc., located in Oak Ridge, Tennessee, of some $3,000 or more and gave as security therefor a chattel trust deed on the two automobiles and automobile repair tools above described. In May, 1964, the appellant, William H. Thompson, Jesse R. Henderson, and Grace Ward Henderson applied for and obtained a charter of incorporation under the name of Henderson Auto Repair Service. Thompson paid $1,000 cash into the assets of the corporation and Jesse Henderson and Grace Ward Hen-

derson conveyed to the corporation the two automobiles and tools above described without revealing to Thompson that they were encumbered to City Finance Company, Inc. Thompson, the sole stockholder, was elected President of Henderson Auto Repair Service and used the car, truck and tools in his repair business.

Within a matter of one or two months the Hendersons skipped town and have not been heard from since. After the indebtedness due plaintiff City Finance Company, Inc. became delinquent, the plaintiff set about to foreclose its chattel trust. Thompson refused to surrender possession of the chattels and City Finance Company, Inc. instituted its suit in detinue against W. H. Thompson and also named the Oak Ridge Auto Repair Service as a party defendant. Apparently the Oak Ridge Auto Repair Service was simply a trade name painted on the side of the automobile or panel truck. There is no proof of any such corporation being in existence and no judgment was rendered against such party defendant and it will not be noted further.

Henderson Auto Repair Service, Incorporated, of which W. H. Thompson is the president, was never made a party defendant to the present suit. After the trial in the Trial Justice Court and pending the trial on appeal to the Circuit Court of Anderson County, the defendant, Thompson, used the automobile, panel truck, and tools in the operation of his repair business and also one Poole used the automobile and tools with the knowledge and permission of Thompson and sometime after the trial in Trial Justice Court and before the trial in Circuit Court, Henderson Auto Repair Service by W. H. Thompson, president, executed a bill of sale to a number of the tools covered by City Finance Company, Inc.'s chattel trust.

The bill of sale recited a consideration of $1,100. It was not dated.

At the time of the trial in Circuit Court the automobile and panel truck had been reduced to junk and by consent were sold as junk for the sum of $50.

Upon the trial in Circuit Court, Mr. Thompson, the appellant, contended that he had kept possession of the property covered by the plaintiff's chattel trust only as the president of the corporation and not in his individual capacity and that he should not, therefore, be liable for the property individually. The Trial Judge held that since Thompson was the sole owner of the corporate entity, Henderson Auto Repair Service, Inc., and was in full, sole and complete charge and possession of the property covered by plaintiff's chattel trust that the corporate entity should be disregarded and that the appellant, Thompson, should be held liable for the unlawful detention and destruction of the property. At the time of the trial in Circuit Court, all of the assets of Henderson Auto Repair Service, Inc., had been completely dissipated and/or sold by appellant Thompson and the corporation had no assets. Apparently it was not even doing business at the time of the trial. The Bill of Exceptions reveals very little information as to the scope of operation of Thompson and/or Henderson Auto Repair Service, Inc.

Appellant Thompson has made four assignments of error all of which raise the one question that the Trial Court improperly disregarded the corporate entity and rendered judgment against W. H. Thompson individually for the detention of the property. In our opinion the judgment of the lower court must be upheld and the assignments of error overruled.

■■ The chattel trust given by the ·Hendersons to City Finance Company, Inc. was properly placed of record and the defendant, W. H. Thompson, was chargeable with constructive notice of the encumbrance against the two motor vehicles and mechanics tools at the time the Henderson Auto Repair Service was incorporated. After the Hendersons skipped town and Thompson was given actual notice of the prior lien which City Finance Company, Inc. held against the motor vehicles and mechanics tools, the defendant Thompson thwarted the efforts of City Finance Company, Inc. to have foreclosure of its chattel trust and refused to give up possession of the property. His sole excuse for refusing to surrender possession of the property was that he was preserving the assets of the corporation. Later, he sold some of the equipment to an associate, Poole. So far as the meager record before this court indicates, Henderson Auto Repair Service was at most a mere instrumentality or agency of W. H. Thompson. He was the sole stockholder. So far as this record shows Henderson Auto Repair Service, Inc., did no acts separate and apart from the acts of its sole stockholder and owner, W. H. Thompson. It would be a palpable injustice to permit Mr. Thompson to use the corporate entity as a shield for thwarting City Finance Company, Inc. in the foreclosure of its chattel trust. See Post Sign Co. v. Jemc's, Inc., 48 Tenn.App. 13, 342 S.W.2d 385, from which we quote as follows:

"The separate entity will be quickly disregarded, however, upon a showing that the corporation is a mere sham or dummy, or where necessary to accomplish justice. Fidelity Trust Co. v. Service Laundry Co., 160 Tenn. 57, 22 S.W.2d 6. * * *"

See also Neese v. Firemen's Fund Insurance Co., 1964, 53 Tenn.App. 710, 386 S.W.2d 918.

We find no error in the judgment of the court below and the same will be affirmed at the cost of the appellant.

Avery, P.J. (W.S.), and Bejach, J., concur.